**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12254

Non-Argument Calendar

_____

ALEX F. RAMIREZ,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A095-034-330

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Alex Ramirez petitions for review of the Board of Immigration Appeals order affirming the immigration judge's denial of his

application for cancellation of removal.  He argues that the immigration courts lacked jurisdiction over his removal proceedings because the written notice that initiated those proceedings misidentified his citizenship and nation of origin—the "notice to appear" required by 8 U.S.C. § 1229(a) incorrectly stated that he was a native and citizen of El Salvador.

It turns out that Ramirez is a native and citizen of Guatemala.  During a hearing on his application for cancellation of removal, Ramirez produced a Guatemalan passport to prove his citizenship.  He admitted that he had falsely claimed that he was from El Salvador when he applied for temporary protected status in 2001 and that he had provided a false identification document to obtain authorization to work in the United States.[1]

The immigration judge denied Ramirez's application for cancellation of removal and ordered him removed to Guatemala or, in the alternative, El Salvador.  Ramirez appealed to the Board of Immigration Appeals, but the Board adopted and affirmed the immigration judge's decision and dismissed the appeal.

In his petition for review by this Court, Ramirez argues that his removal order is void because the immigration courts lacked

---

[1] Ramirez's application for temporary protected status was granted in 2003, but his protected status was withdrawn in 2015 because he had been convicted of two misdemeanors in this country.

25-12254                 Opinion of the Court                 3

jurisdiction over his removal proceedings.[2]  He argues that the no-tice of appearance was defective because it misidentified his coun-try of origin, and that a defective notice of appearance is insufficient to confer jurisdiction on the immigration court.  We disagree.

In a provision titled "[i]nitiation of removal proceedings," the Immigration and Nationality Act requires written notice, called a "notice to appear," to be "given in person to the alien."  8 U.S.C. § 1229(a)(1).  The statute specifies information that must be pro-vided in the notice, including the nature of the proceedings, the "charges against the alien and the statutory provisions alleged to have been violated," and the conduct alleged to be in violation of the law.  *Id.*  Immigration regulations state that jurisdiction vests, and removal proceedings commence, when a notice to appear is filed with the immigration court.  8 C.F.R. § 1003.14(a).

A notice to appear that does not include all the information required by statute may be ineffective for certain purposes.  *Pereira v. Sessions*, 585 U.S. 198, 202 (2018).  But neither the content re-

---

[2] To the extent Ramirez raises non-jurisdictional arguments about the alleged defect in the notice of appearance, we decline to consider them because he failed to adequately present them to the Board of Immigration Appeals.  *See* 8 U.S.C. § 1252(d)(1).  But we can and do consider his argument that the final order of removal was void for lack of jurisdiction, because it implicates our own jurisdiction—which "extends only to final orders of removal."  *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019); *see* 8 U.S.C. § 1252(a)(1).

quirements of § 1229(a) nor the associated regulations establish jurisdictional rules. *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153–57 (11th Cir. 2019).

Here, the notice to appear served on Ramirez was not fatally deficient for misidentifying his country of origin. Section 1229(a) does not require a notice to appear to correctly identify the noncitizen's country of origin. *See* 8 U.S.C. § 1229(a)(1)(A)–(G). And even if it did, noncompliance with the content requirements in § 1229(a)(1) does not deprive the immigration court of jurisdiction. *See Perez-Sanchez*, 935 F.3d at 1150, 1153–54. We therefore deny his petition for review.

**PETITION DENIED.**